IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **KEITH PERKINS,** | 06-CV-954-SU |
|       **Plaintiff,** | ORDER |
| **v.** | |
| **STUART ROBERTS, MICHAEL LOUGHARY, GREG SHERMAN, DAN HERGERT, MARK SWANSON, LANCE ZAUGG, WILLIAM CALDERA, and CITY OF PENDLETON, by and through the Pendelton Police Department, an Oregon municipality,** | |
|       **Defendants.** | |

**BROWN, Judge.**

    Magistrate Judge Patricia Sullivan issued Findings and Recommendation (#65) on October 12, 2010, in which she recommends

1 - ORDER

the Court grant Defendants' Motion (#41) for Summary Judgment in its entirety and dismiss Plaintiff's Complaint with prejudice.

Plaintiff filed timely Objections (#67) to the Findings and Recommendation. The Court heard oral argument on Plaintiff's Objections on February 22, 2011. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

Defendants' Motion seeks summary judgment against Plaintiff's two remaining § 1983 claims against Defendants in this matter which are both for violation of Plaintiff's Fourth Amendment rights as follows: (1) in the allegedly unreasonable seizure of Plaintiff's home and (2) in the seizure of Plaintiff with allegedly excessive physical force.

With respect to Plaintiff's Objections to the Magistrate Judge's recommendation that the Court grant Defendants' Motion as to Plaintiff's § 1983 Claim for the allegedly unreasonable seizure of Plaintiff's home, this Court has carefully considered Petitioner's Objections, the factual record, and the arguments

presented at the hearing on February 22, 2011.  On this record, the Court concludes Plaintiff's Objections do not provide a basis to modify the Findings and Recommendation.  Moreover, the Court has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.  Thus, the Court adopts the Magistrate Judge's Findings and Recommendation in this respect.

With respect to Plaintiff's § 1983 Claim for allegedly excessive physical force in the course of Plaintiff's arrest, the Court has considered Plaintiff's Objections, the factual record, and the parties arguments at the hearing on February 22, 2011.  For the reasons stated on the record, the Court concludes that when viewed in the light most favorable to the Plaintiff, there remain genuine issues of material fact that preclude resolution of this claim on Summary Judgment.  Accordingly, the Court does not adopt the Magistrate Judge's Findings and Recommendation in that respect.

## CONCLUSION

Based on the foregoing and for the reasons set out on the record in the February 22, 2011, hearing, the Court **ADOPTS in part** Magistrate Judge Sullivan's Findings and Recommendation (#65) and, accordingly, **GRANTS** Defendants' Motion (#41) for Summary Judgment with respect to Plaintiff's § 1983 claim for the

allegedly unreasonable seizure of Plaintiff's home in violation of Plaintiff's Fourth Amendment rights.

The Court **DECLINES to ADOPT** that portion of the Findings and Recommendation in which the Magistrate Judge recommends the Court grant Defendants' Motion (#41) for Summary Judgment with respect to Plaintiff's § 1983 claim for the allegedly excessive use of physical force against Plaintiff in the course of Plaintiff's arrest in violation of Plaintiff's Fourth Amendment rights.  Accordingly, the Court **DENIES** Defendants' Motion in that respect.

In the process of preparing a proposed pre-trial order, the Court **DIRECTS** the parties to determine which party Defendants remain in the case for the single claim to be tried to a jury and whether there is any basis for Plaintiff's *Monell* Claim under the circumstances.  The parties shall file **no later than April 15, 2011**, a stipulation identifying which Defendants may now be dismissed in light of the Court's ruling herein.

IT IS SO ORDERED.

DATED this 23rd day of February, 2011.

    /S/ Anna J. Brown
ANNA J. BROWN
United States District Judge

4 - ORDER